# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2022

Lyle W. Cayce
Clerk

No. 22-50255

United States of America,

*Plaintiff—Appellee*,

*versus*

Adan Adonias Velasquez-Roldan,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-751-1

Before Higginbotham, Southwick, and Higginson, *Circuit Judges*.

Leslie H. Southwick, *Circuit Judge*:*

Adan Velasquez-Roldan pled guilty to illegal re-entry. He was sentenced to 21 months of imprisonment. On appeal, Velasquez challenges his sentence, arguing that the district court erred under the Sentencing Guidelines by assigning three criminal history points and a six-level

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

enhancement based on a prior state disposition. Velasquez argues that his prior state disposition is a "diversionary disposition" under the Guidelines and therefore warrants only one criminal history point and a four-level enhancement.

In 2020, Velasquez was charged with child molestation in a Georgia state court. The court imposed a 20-year sentence but ordered that it be served "on probation." As a condition of probation, the court ordered Velasquez to serve 15 months and 12 days in county jail.

A new dispute arose after initial briefing on appeal here. At first, both Velasquez and the Government agreed that Velasquez's child-molestation case was adjudicated under the Georgia First Offender Act and resulted in no adjudication of guilt. The Government now argues, though, that a proper review of the record shows that Velasquez did not receive a first-offender sentence with no adjudication of guilt. Velasquez has conceded that his child-molestation offense was not statutorily eligible for a first-offender sentence under Georgia law.

In light of these developments, further fact finding is needed. The district court should decide whether Velasquez's state disposition qualifies as a "diversionary disposition" and apply the Guidelines accordingly. Because Velasquez's release date appears to be January 4, 2023, we urge the district court to act expeditiously. We acknowledge that this court could have used greater expedition.

We VACATE the district court's sentence and REMAND for re-sentencing.